Edgar E. ALLEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 53299.

Court of Criminal Appeals of Texas.

Dec. 8, 1976.

Benjamin F. Walker, Jr., San Antonio, court appointed, for appellant.

Ted Butler, Dist. Atty., and Sharon S. Macrae and Susan D. Reed, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

Appellant was indicted for passing a forged instrument in violation of V.T.C.A., Penal Code, Section 32.21. On April 6, 1975, appellant waived trial by jury and entered a plea of guilty before the Court. The Court accepted appellant's plea, found him guilty, and assessed his punishment at imprisonment for five years.

In his sole ground of error, appellant contends that the indictment is fundamentally defective because it does not allege that the money order which appellant was alleged to have passed was a "writing".

Section 32.21(a)(1)(B) makes it an offense for a person to pass a writing that is forged within the meaning of paragraph (A) of Section 32.21(a)(1). While the indictment in the instant case does not allege that the instrument which appellant passed was a "writing," it does set forth the instrument in haec verba. The indictment in relevant part alleged that:

". . . on or about the 3rd day of MARCH, A.D., 1975, EDGAR E. ALLEN hereinafter called defendant did then and there knowingly and intentionally with intent to defraud and harm another, PASS TO HAROLD KEMPER a MONEY ORDER that had been MADE, EXECUTED AND COMPLETED so that it purported to be the act of another who did not authorize the act, and the said defendant knew said MONEY ORDER to be forged and which said MONEY ORDER is to the tenor following:·

. . . . ."

Section 32.21(a)(2) defines the term "writing". It provides:

"(2) 'Writing' includes:

(A) printing or any other method of recording information;

(B) money, coins, tokens, stamps, seals, credit cards, badges, and trademarks; and

(C) symbols of value, right, privilege, or identification."

The money order alleged in the indictment constituted a "writing" within the meaning of the statute. Further, the passing of the money order, as alleged, constituted a felony of the third degree since the money order was a sight order for the payment of money. Section 32.21(d). Appellant's contention is overruled.

The judgment is affirmed.